[Civ. No. 6076. Second Appellate District, Division Two.—August 13, 1930.]

GEORGE O. HARTMAN, Respondent, v. BANDINI PE- TROLEUM COMPANY (a Corporation) et al., Appel- lants.

Haas & Dunnigan, C. H. Veale and William L. Murphy for Appellants.

Henry W. Mahan for Respondent.

CRAIG, Acting P. J.—The respondent as a stockholder of the appellant corporation made demand upon its president and secretary for permission to inspect its books and records, which was denied. He thereupon petitioned the superior court for a writ of mandate requiring submission of the same to such inspection, which, after trial, was granted. This is an appeal by the defendant corporation and its directors, who were joined in the original proceeding.

The refusal of the books was sought to be justified by asserted ulterior motives of respondent in his desire for an examination of the corporate records and was founded upon certain provisions of section 377 of the Civil Code. It is contended that Hartman was a public accountant and auditor in the employ of a competing rival corporation, for whom he intended to use such information as he might acquire by such inspection, to the detriment of the appellant company. Said section requires the keeping of records by corporations for profit, and further provides as follows: "Such records shall be open to the inspection of any legislative committee, board, commission, or officer of the state of California whose duty it is to inspect or examine the same, and of any director, member, or *bona fide* stockholder thereof; provided, however, the board of directors may, by unanimous vote, deny such examination or inspection to a stockholder who demands the same with intent to use to the injury of the corporation the information acquired thereby, and a satisfactory showing of such intent shall be a complete defense to any action or proceeding brought by any such person to compel the officers of any such corporation to submit any of such records for his inspection or examination."

By the conceded testimony of the petitioner and respondent, he purchased ten shares of the capital stock of Bandini Petroleum Company, and understood and believed that it was paying a dividend equivalent to twenty per cent interest upon his investment at the then market price of its stock. Quoting from his testimony as presented by appellants' brief: "My final reason was, in the event the company was making a good profit, an operating profit,

and were paying their dividends out of their earnings, my purpose was to invest different sums at the rate of twenty per cent per annum of my money. That was exactly my reason for making the investigation. . . . So, my entire purpose was to determine for my own particular benefit, for the purpose of making additional investment, in the event I found the company as I might have anticipated it, and in the event I didn't find it was a good investment, I proposed to sell my stock if I' could find a buyer." It was testified on behalf of appellants that upon demand for respondent's reasons for inspecting the books "he said he couldn't tell me," but respondent positively testified that this was untrue, and that he did state to officers of the company the reasons above quoted. The trial court found that it was not true, as alleged by appellants, that the petitioner made said demand for the purpose or with the intention of using the desired information to the injury of the defendant corporation or of its stockholders. Upon this state of the record presented it is not within the province of this court to say as a matter of law that appellants made such "a satisfactory showing of such intent" as to constitute a defense to the proceeding in *mandamus* before the superior court. Respondent's intent and purpose in seeking an examination of the records was a question of fact to be determined upon the hearing. His testimony in that respect stands uncontradicted. Hence it cannot be said that the evidence was insufficient to support the judgment rendered in· favor of the petitioner.

Appellants' authorities from other jurisdictions present circumstances casting grave doubt upon the good faith of the petitioners seeking mandatory relief. It appeared that they were not *bona fide* stockholders, that they held· but a few shares in disguise, were antagonistic to the corporation, or otherwise failed to show legal motives for the desired inspection, within the intendments of the particular statutory provisions under consideration. The findings of fact in the instant proceeding were adverse to appellants' contentions upon issues presenting these questions for determination, and their authorities are not here controlling.

The judgment is affirmed.

Thompson (Ira F.), J., and Schmidt, J., *pro tem.*, concurred.